No. 1030

WOOD MOTOR CO. v. ROATH et

Ohio Appeals, 9th Dist., Summit Co.

No. 1170. Decided June 26, 1926

85. APPEALS—The failure to file an appeal bond with the clerk of the Akron Municipal Court within the statutory time of ten days provided in Sec. 1572-532 GC., makes such an appeal subject to dismissal.

1139. SURETY BONDS—The fact that an appellee acquiesces in an attempted appeal and does not attempt to collect the judgment rendered in his favor in the lower court, is sufficient consideration to support an appeal bond.

PARDEE, P. J.

The A. O. Wood Motor Co. filed its amended petition in the Summit Common Pleas, wherein it alleged that it recovered a judgment against Sherman Roath in the Akron Municipal Court on April 9, 1924, and that on the 22nd day of April, 1924, said Roath executed an appeal bond with Edna G. Roath as surety thereon, in an effort to appeal said cause to said Court of Common Pleas; that thereafter said appeal was dismissed in the Court of Common Pleas and that no part of said judgment had been paid. To this petition a demurrer was filed and sustained, for the reason that upon the face of the petition it appeared that the appeal bond was filed more than ten days after the judgment was rendered in the Municipal Court. The Motor Co. not wishing to plead further, a judgment was rendered in favor of Roath et al., and error was prosecuted. The Court of Appeals held:

1. An appeal bond serves a dual purpose; it acts both as a stay of execution and as means to give the complaining party the right to be heard in the court to which he appeals.

2. After the bond was filed, Roath attempted to perfect his appeal, thereby procuring a stay of execution and receiving a benefit therefrom, and the Motor Co. suffered expense and delay in the collection of its judgment.

3. By the terms of 1579-532 and 1579-534 GC., the surety agreed to pay the debt, etc., if the appellant did not prosecute his appeal without unnecessary delay, and to pay the judgment of the lower court if the appeal was dismissed.

4. It is therefore apparent that the liability of the surety became fixed, when said appeal was dismissed, on the 10th day of July, 1924, by the Court of Common Pleas.

· 5. The trial court was in error in rendering judgment in favor of Edna Roath and said judgment will therefore be reversed and the

cause as to her remanded for further proceedings. The demurrer filed by Sherman Roath was properly sustained and judgment as to him is affirmed.

Judgment accordingly.

(Washburn, J., concurs; Funk, J., dissents.)

Attorneys—Lee J. Myers and Alva J. Russell for Wood Co.; Ralph G. Thomas for Roath et; all of Akron.